# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **EDITH SHIPLEY, on behalf of L.G.**, <br><br> Plaintiff, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, <br><br> Defendant. | Case No. 18-cv-865 (CRC) |

## OPINION AND ORDER

Edith Shipley is the legal guardian of L.G., a minor with special needs in the District of Columbia Public Schools ("DCPS"). In April 2018, she filed suit on L.G.'s behalf in District of Columbia Superior Court, seeking an order requiring DCPS to develop an expedited individualized education program ("IEP") for the student. Shipley brought her claims exclusively under District of Columbia law, but the District removed the case to this Court pursuant to 28 U.S.C. § 1441, *et seq.*, claiming that it presented a federal question under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Notice of Removal at 2. In May 2018, the Court granted Shipley's motion to remand the case to Superior Court. See Order Granting Pl.'s Mot. to Remand to State Court ("Remand Order"). The Court concluded that it did not have jurisdiction over the case because, while D.C. law incorporates some of the IDEA's protections and cross-references federal law, Shipley's claims raised questions that were "fact-bound and situation-specific" rather than matters of "pure" law. Id. at 1-2 (quoting Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 700-01 (2006)).

Shipley now seeks to recoup $16,221.80 in attorneys' fees for that successful remand effort. See generally Pl.'s Mot. for Att'ys' Fees. The Court will deny her motion because she

was not a prevailing party under the IDEA and the District had an objectively reasonable basis for seeking removal—even if its subjective motives appear questionable.

**I.     Analysis**

A.     Attorneys' Fees Under the IDEA

Ms. Shipley claims that the District's removal of her case created a new, unsuccessful case under the IDEA and, because this Court granted her request for remand, she is entitled to recover attorneys' fees under the IDEA's fee-shifting provision. See Pl.'s Mot. for Att'ys' Fees at 5-7. She contends that the "simple fact is that [her] state court action and the District's removal action are two entirely different actions with two entirely different civil action numbers." Pl.'s Reply at 2. But the civil action numbers are merely administrative mechanisms and Shipley cites no authority to indicate that removal creates a discrete case. Nothing in 28 U.S.C. § 1441, *et seq.*, which establishes removal standards and procedures, even hints that removal creates a separate case. Instead, as Defendant notes, the weight of authority cuts against Shipley's argument. See, e.g., Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 436 (1974) ("After removal, the federal court 'takes the case up where the State court left it off.'" (quoting Duncan v. Gegan, 101 U.S. 810, 812 (1880))); Fed. R. Civ. Proc. 81(c)(2) ("After removal, repleading is unnecessary[.]").

Even if Shipley were correct that the District's removal attempt had created a separate IDEA case, she would not qualify as a "prevailing party" under the statute. See 20 U.S.C. § 1415(i)(3)(B)(i) (allowing the Court to award fees "to a prevailing party who is the parent of a child with a disability"). "[T]he term 'prevailing party' [is] a legal term of art' that requires more than achieving the desired outcome; the party seeking fees must also have 'been awarded some relief by the court.'" District of Columbia v. Straus, 590 F.3d 898, 901 (D.C. Cir. 2010)

(second alteration in original) (quoting <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 603 (2001)).  Courts apply "a three-part test for determining prevailing-party status: (1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." <u>Id.</u> (internal quotation marks and citation omitted).  Here, the Court's Remand Order does not meet that standard.  It could not have:  The Court concluded that it lacked subject-matter jurisdiction.  <u>See</u> Remand Order at 1.  In other words, the Court accepted Shipley's position that it lacked power to resolve the merits dispute.  As a corollary, it lacked power to render a decision altering the parties' legal relationship or granting relief.

Shipley's attempt to analogize remand here to remand in the administrative law context is unavailing.  <u>See</u> Pl.'s Mot. for Att'ys' Fees at 6-7.  An order remanding an agency decision typically reflects a court's judgment on the merits that the agency has not met its obligations under the laws a plaintiff has invoked.  <u>See, e.g.</u>, 5 U.S.C. § 706(2) (empowering courts to set aside agency action only upon concluding that they violate procedural or substantive law).  Not so here.  This Court did not—and, because it lacked jurisdiction, could not—rule on whether Defendant complied with its obligations under the D.C. laws that Shipley has invoked.

B. <u>Attorneys' Fees Under the Removal Statute</u>

Beyond the specific fee-shifting provision of the IDEA, federal law allows this Court to impose attorneys' fees in cases where a plaintiff has prevailed on a motion to remand the case to state court, 28 U.S.C. § 1447(c), but "only if 'the removing party lacked an objectively reasonable basis for seeking removal,'" <u>Knop v. Mackall</u>, 645 F.3d 381, 382 (D.C. Cir. 2011) (quoting <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005)).

Shipley suggests that the District removed the case to avoid the risk that the Superior Court might order it to convene an IEP meeting on the expedited timetable she sought. See Pl.'s Mot. for Att'ys' Fees at 2-3. But whatever tactical goals may have *subjectively* motivated the District to seek removal, the Court cannot conclude that its action was *objectively* unreasonable, which is the applicable standard.

Courts in this district have awarded fees for successful remand efforts when defendants have made claims contradicted by clear authority. See, e.g., Johnson-Brown v. 2200 M Street LLC, 257 F. Supp. 2d 175, 181 (D.D.C. 2003) (awarding fees when defendants sought removal in contravention of a "century of Supreme Court precedent" that made it "hard to imagine a more well-settled authority"). They have also awarded fees due to objective lawyering mistakes. See, e.g., Jones v. District of Columbia, 105 F. Supp. 3d 12, 14-16 (D.D.C. 2015) (awarding fees where defendants' counsel failed to timely remove and failed to include consent of all defendants); Yazdani v. Access ATM, 457 F. Supp. 2d 36, 38 (D.D.C. 2006) (awarding fees because "[w]hat happened . . . [was] merely the result of sloppy lawyering" in a "well settled" area of law). But courts have declined to impose fees when defendants sought removal based on tenable legal arguments. See e.g., Knop, 645 F.3d at 383 (reversing district court's imposition of fees because "Defendants' asserted basis for removal . . . ha[d] at least some logical and precedential force behind it."); Simon v. Hofgard, 172 F. Supp. 3d 308, 321 (D.D.C. 2016) (declining to impose fees due in part to "the novelty of some of the legal issues raised"); Jones, 105 F. Supp. 3d at 14 (collecting cases in which courts in this district declined to assess fees because removal actions were premised on legitimate legal disputes).

Defendant's removal action here was neither foreclosed by clear precedent nor plagued by objective legal error; it was based on a colorable, albeit erroneous, claim that adjudicating

Shipley's case necessarily implicated the IDEA. Shipley brought her case pursuant to D.C. statutes and regulations that use the same terminology as the IDEA and cross-reference the federal statute. As the Court explained in its Remand Order, state-law claims that raise a federal issue sufficient to confer jurisdiction upon this Court involve questions of "pure law"; state-law claims that do not confer jurisdiction involve questions that are "fact-bound and situation-specific." Remand Order at 1-2 (citation omitted). The District was wrong in its position that adjudication of the case would implicate the IDEA in a way that justified removal, but the line dividing the two categories is not sufficiently bold to render Defendant's actions objectively unreasonable. See 13D Wright & Miller, Fed. Prac. & Proc. Juris. § 3562 (3d ed.) ("Through the years, the lower federal courts have wrestled with the issue of when a state-law claim might invoke federal question jurisdiction."). Therefore, the Court cannot conclude that the District's attempt to remove this case, however tactical the subjective motive, meets the standard required by 28 U.S.C. § 1447(c) to award attorneys' fees.

**II.    Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that [15] Plaintiff's Motion for Attorneys' Fees is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: September 27, 2018

5